IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-48,957-02





EX PARTE JAIME ELIZALDE, JR.







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 744957 FROM THE


351
ST DISTRICT COURT OF HARRIS COUNTY





Per Curiam. Johnson, J. concurs in the denial of relief, joined by Hervey, Holcomb,
and Cochran, JJ. Womack, J., dissents.


ORDER



 This is a subsequent application for habeas corpus filed pursuant to Texas Code of
Criminal Procedure, Article 11.071, Section 5. Applicant asserts that he is mentally retarded
and therefore may not be executed..

 Applicant was convicted of capital murder by a jury which answered the special issues
in such a way that a death sentence was imposed by the trial court on April 2, 1997. We
affirmed the conviction and sentence. Elizalde v. State, No. 72, 813 (Tex.Crim.App. June
19, 1999). Applicant filed his initial application for writ of habeas corpus pursuant to Article 


 ELIZALDE -2-

11.071. We denied relief. Ex parte Elizalde, No. WR-48,957-01 (Tex.Crim.App. April 11,
2001). Applicant alleges he is entitled to consideration of this subsequent claim of mental
retardation under Article 11.071, Section 5(a)(1). He asserts that, he is mentally retarded
because he scored 60 on the Beta II screening test given to all inmates received by the prison
system. He argues the 60 scored on the Beta II screening test is dispositive of his right to
consideration of this claim. He argues the 96 scored on the Culture Fair Test, given by the
prison system to verify the score on the screening test, should not be considered in
determining whether he is entitled to consideration of the subsequent claim. And, while
applicant has alleged he had bad grades in school, he has failed to present even a minimal
case of adaptive behavioral deficits.

 We have reviewed the claims and the record and find that applicant has not met the
requirements for consideration of this subsequent claim under Texas Code of Criminal
Procedure, Article 11.071, Section 5. Applicant has not made a prima facie case of mental
retardation as that is set forth by this Court in Ex parte Briseno, 135 S.W.3d 1 (Tex. Crim.
App. 2004). Having found that applicant has not met the requirements of Article 11.071,
section 5, we dismiss this application as an abuse of the writ and deny the motion for stay of
execution.

 IT IS SO ORDERED THIS THE 30TH DAY OF JANUARY, 2006.

Do Not Publish